# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **DERAIL GREEN** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| vs. § | **CASE NO. 4:23-CV-04481** |
| § | |
| **ELAN FINANCIAL SERVICES,** § | |
| § | |
| **Defendant.** § | |

## DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT

Respectfully submitted,

/s/ Jason L. Sanders

**Jason L. Sanders**
  Southern I.D. No. 597751
  Texas Bar No. 24037428
  jsanders@sanderscollins.com
  (214) 775-0631 Direct
  (214) 499-7709 Cell

**Caroline E. Allen**
  Southern I.D. No. 3708027
  Texas Bar No. 24121320
  callen@sanderscollins.com
  (214) 775-0635 Direct
  (575) 808-3206 Cell

SANDERS COLLINS PLLC
325 N. St. Paul St., Suite 3100
Dallas, Texas  75201
Main Telephone:  (214) 775-0630
Facsimile:  (214) 242-3004
www.sanderscollins.com

**COUNSEL FOR DEFENDANT ELAN FINANCIAL SERVICES**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Elan Financial Services ("Defendant" or "Elan") files this Motion to Dismiss and Brief in Support ("Motion to Dismiss") and respectfully shows the Court as follows:

## I.
## INTRODUCTION

1. Plaintiff Derail Green ("Plaintiff") filed his Complaint for a Civil Case ("Complaint") against Defendant alleging that despite multiple letters requesting that Defendant apply a set-off to Plaintiff's account, Plaintiff has received no such set-off. Plaintiff alleges Sections 16 and 29 of the Federal Reserve Act, the Bill of Exchange Act 1882, "Consumer right to credit", 18 USC 8, and 15 USC 1601 are at issue in this case. (Doc. 1, pg. 3). Plaintiff also asserts claims for breach of contract and breach of fiduciary duty and requests that Defendant "[a]pply the full principals balance to the principals account [ending in 8063] for each and every billing cycle set-off", 1% of Defendant's assets, and reimbursement for the costs of sending the notices to Defendant." (Doc. 1, pgs. 3-4).

2. First, Plaintiff wholly fails to plead any claim against Defendant. Plaintiff pleads nothing more than wholly conclusory statements without factual support which should be disregarded by the Court in ruling on this Motion to Dismiss. Second, Plaintiff wholly fails to state any claim under the provisions Plaintiff cites. Sections 16 and 29 of the Federal Reserve Act do not create a private cause of action and Plaintiff pleads no facts to invoke Section 16 or 29. The Bill of

Exchange Act of 1882 is an English law which is inapplicable here and Plaintiff pleads no facts to support the application of foreign law in this lawsuit. Plaintiff wholly fails to identify any statute or other authority for consumer rights to credit and Plaintiff pleads no facts related to this theory. 18 U.S.C. 8 is a criminal statute which does not create a private cause of action and Plaintiff pleads no facts regarding the applicability of this section. Plaintiff also pleads no facts regarding the applicability of 15 U.S.C. 1601 or the Truth in Lending Act generally. Third, Plaintiff fails to plead a claim for breach of contract because Plaintiff does not plead the existence of a contract, the provisions Plaintiff contends Defendant has breached or any damages Plaintiff alleges he has suffered. Fourth, Plaintiff fails to plead a claim for breach of fiduciary duty because Plaintiff does not plead that Defendant owes him any fiduciary duty, that Defendant breached any fiduciary duty, or that Plaintiff has suffered damages. Plaintiff therefore fails to state a claim against Defendant and the Complaint should be dismissed with prejudice.

## II.
## FACTUAL BACKGROUND

A.  **Plaintiff's Factual Allegations**

   3.   Plaintiff alleges Defendant received a "claim of credits notice" on October 10, 2023, in which Plaintiff instructed Defendant's Chief Financial Officer to "apply the principals balance to the principals account for each and every billing cycle for set off." (Doc. 1, pg. 6, ¶ 1). Plaintiff alleges that he included a letter of

instructions, "endorsed bill", durable power of attorney, and a copy of the Federal Reserve Act Section 16 showing Defendant's violations. (*Id.* at ¶ 2). Plaintiff further alleges that he received a response dated October 11, 2023, stating his endorsed bill/negotiable instrument is meaningless and that Plaintiff is still liable to pay his account. (*Id.*).

4.  Plaintiff alleges he sent an Opportunity to Cure as a result of Defendant's noncompliance which he asserts was received on October 24, 2023. (*Id.* at ¶ 3). Plaintiff asserts the Opportunity to Cure contained everything sent with his first notice together with Federal Reserve Act Section 29 emphasizing "tier two". (*Id.*) Plaintiff alleges he waited five business days but did not receive a response or a set-off to his account. (*Id.*).

5.  Plaintiff asserts that he sent a third notice, a Notice of Default, to Defendant containing everything contained in the Opportunity to Cure together with Federal Reserve Act Section 29 emphasizing "tier three". (*Id.* at ¶ 4). Plaintiff asserts he waited five-business days after Defendant received the Notice of Default but again received no response or set-off to his account. (*Id.*). Plaintiff asserts Defendant is ignoring his "clear instructions as the original creditor to this account and agent of the principal." (*Id.* at ¶ 5). Plaintiff further asserts Defendant refuses to accept his "endorsed bill/negotiable instrument to satisfy the principals account."

(*Id.*). Plaintiff asserts he is being extorted and is unable to fulfill his "agent duties and obligations to DERAIL GREEN principal." (*Id.*) (emphasis in original).

6.  Plaintiff states that he is demanding $175,000 and alleges breach of contract and breach of fiduciary duties. (*See* Doc. 1-1, Sections VI and VII). Plaintiff also alleges he is requesting that Defendant "[a]pply the full principals balance to the principals account [ending in 8063] for each and every billing cycle set-off", 1% of Defendant's assets, and reimbursement for the costs of sending the notices to Defendant." (Doc. 1, pg. 4, Section IV). Plaintiff also asserts that Sections 16 and 29 of the Federal Reserve Act, the Bill of Exchange Act 1882, "Consumer right to credit", 18 U.S.C. 8, and 15 U.S.C. 1601 are at issue here. (Doc. 1, pg. 3).

### III.
### ARGUMENT AND AUTHORITIES

**A.   Plaintiff Fails to Plead a Claim Against Defendant**

　　**1.   12(b)(6) Standard**

7.  To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), cert. denied, 552 U.S. 1182 (2008)). "Factual allegations must . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555

(internal citations omitted). While the allegations need not be overly detailed, a pleading must provide the grounds of entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; see also *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("'naked assertions' devoid of 'further factual enhancement,'" along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (*quoting Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

8. To demonstrate facial plausibility of a claim, it requires a plaintiff to establish "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949. It is not enough for a plaintiff to allege the mere possibility of misconduct; it is incumbent to "show that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Ashcroft*, 129 S. Ct. at 1950. In ruling upon a Rule 12(b)(6) motion to dismiss, courts should neither "strain to find inferences favorable to plaintiffs" nor should they accept "conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

9. The Court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory, or the facts asserted are insufficient to support relief based on a cognizable legal theory. *Morrow v. Bank of America*, N.A., No. 5:12-CV-00782-OLG, 2013 WL 12131235, at *1 (W.D. Tex. Jun. 10, 2013); *Scott v. Steinhagen Oil Co., Inc.*, 224 F. Supp. 2d 1084, 1085 (E.D. Tex. 2002); *Vines v. City of Dallas, TX*, 851 F. Supp. 254, 259 (N.D. Tex. 1994).

### 2. Plaintiff Fails to Plead a Claim Against Defendant

10. The Complaint contains nothing more than wholly conclusory statements with no factual support. For example, Plaintiff alleges that he sent three notices to Defendant, but that Defendant did not apply any set-off to his account. Plaintiff alleges he instructed the Chief Financial Officer of Defendant to "apply the principals balance to the principals account for each and every billing cycle for set off." (Doc. 1, pg. 6 at ¶ 2). Plaintiff attaches to the Complaint a document titled "Letter of Instructions" with these purported instructions. (Doc. 1-2, pg. 7). Plaintiff pleads no facts, and cites to no authority, to explain why he believes he was entitled to a set off to his account. Plaintiff also does not explain what principal's balance he contends exists or should be applied to the alleged principal's account. To the extent Plaintiff contends that he is not liable to pay the alleged account, Plaintiff pleads no facts to explain why he believes he is not liable for the account.

11. Plaintiff also alleges he is "being extorted" and has been unable to fulfill his "agent duties and obligations to DERAIL GREEN principal." (*Id.*, ¶ 5) (emphasis in original). Plaintiff does not plead any act or omission of Defendant which he contends constitutes extortion nor does he explain how he contends he has been prevented from fulfilling his agent duties or obligations. Plaintiff additionally fails to allege what duties or obligations he contends he owes or explain the agent/principal relationship which he contends is relevant here. Plaintiff appears to contend he is the agent for himself as principal but wholly fails to allege any authority to support such a relationship or explain how he can act as an agent for himself. Because Plaintiff's allegations are wholly conclusory, they should be disregarded by the Court in ruling on this Motion to Dismiss. *Twombly*, 550 U.S. 544, 570; *Ashcroft*, 556 U.S. at 677.

12. First, Plaintiff alleges Sections 16 and 29 of the Federal Reserve Act, and the Bill of Exchange Act 1882 are at issue in this case. The Federal Reserve Act governs the purposes, structure, and functions of the Federal Reserve System of the United States. (*See generally* 12 U.S.C. 221-522). Plaintiff wholly fails to identify the provisions of Section 16 or 29 which he contends are at issue in this lawsuit. Both Sections are wholly irrelevant to Plaintiff's allegations, however. Section 16 of the Federal Reserve Act governs the issuance of Federal Reserve Notes. (*See generally* 12 U.S.C. 411-467). Plaintiff makes no allegations related to Federal

Reserve Notes and does not explain how he contends his allegations relate to Section 16. Section 29 of the Federal Reserve Act provides for civil penalties for member banks which violate Sections 22, 23A or 23 B of the Federal Reserve Act. (*See* 12 U.S.C. 504(a)). Plaintiff has not alleged Defendant is a member bank, or that Defendant has violated Section 22, 23A or 23B of the Federal Reserve Act.

      13.      Moreover, importantly, there is no private cause of action under Section 16 or Section 29 of the Federal Reserve Act. *Whyte v. Collins*, No. 3:23-CV-1303-X-BN, 2023 WL 5673121, at *2 (N.D. Tex. Aug. 14, 2023), report and recommendation adopted, No. 3:23-CV-1303-X-BN, 2023 WL 5673450 (N.D. Tex. Sept. 1, 2023) ("Similarly, Section 411 [the first provision of Section 16 of the Federal Reserve Act] is a provision of the Federal Reserve Act, 'which governs the issuance and redemption of Federal Reserve notes' and 'imposes penalties on banks for an array of misconduct,' but 'the imposition of civil penalties under Section 29 [of the Federal Reserve Act, 12 U.S.C. § 504,] is carried out by federal officials, and private individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act.'") (quoting *Harp v. Police & Fire Fed. Credit Union*, Civ. A. No. 23-2577, 2023 WL 5152625, at *4 (E.D. Pa. Aug. 10, 2023)); *In re Tipton*, No. 3:22-MC-0004, 2022 WL 1028026, at *2 (S.D. Tex. Apr. 6, 2022) ("[Section 16 of the Federal Reserve Act at 12 U.S.C. 411] does not provide a private cause of

action."). Thus, Plaintiff cannot state a claim under the Federal Reserve Act and to the extent he does, it fails.

14. Second, the Bill of Exchange Act 1882 is a United Kingdom Act of Parliament and is wholly inapplicable. *See e.g. Des Rochers v. Moynihan,* No. A-16-CV-560-SS-ML, 2016 WL 11584833, at *2 (W.D. Tex. May 16, 2016) ("First, Des Rochers purports to bring suit pursuant to the Bills of Exchange Act of 1882. This law, however, is an English law. Nothing in the Complaint indicates how or why English law applies to Des Rochers's cause.") Plaintiff has pled no facts to support the application of an English law here and has wholly failed to explain the alleged relevance of the Bill of Exchange Act 1882. Plaintiff has failed to plead any claim under the Bill of Exchange Act 1882.

15. Third, Plaintiff also alleges the "consumer right to credit" is at issue in this case. This statement is unclear and unintelligible. Plaintiff cites to no statute or other authority for the proposition that this theory applies here. Plaintiff does not explain this theory, or its applicability and Plaintiff wholly fails to plead any facts to support a claim under such a theory. Thus, Plaintiff fails to plead any claim for consumer right to credit.

16. Fourth, Plaintiff also alleges that 18 U.S.C. 8 and 15 U.S.C. 1601 are at issue here. 18 U.S.C. 8 is a criminal statute defining "obligation or other security of the United States", which does not create a private cause of action. *See* 18 U.S.C. 8;

*Tesi v. Chase Home Fin., LLC*, No. CIV.A. 410-CV-272-Y, 2010 WL 2293177, at *5 (N.D. Tex. June 7, 2010) (private litigant could not rely on or enforce 18 U.S.C. 8 in civil action because "[g]enerally, a criminal statute does not provide a basis for civil liability and a private citizen has no standing to enforce a criminal statute" and nothing in the language of the statute suggests a right of private enforcement). Plaintiff additionally pleads no facts relating to any obligation or security of the United States or 18 U.S.C. 8 in any way. 15 U.S.C 1601 sets out the purpose of the Truth in Lending Act. Plaintiff does not allege that Defendant has violated the Truth in Lending Act, does not identify any provision of the Truth in Lending Act which he contends is applicable here, or explain how any of his allegations give rise to a claim under the Truth in Lending Act. Plaintiff wholly fails to plead any claim under 18 U.S.C. 8 or 15 U.S.C. 1601 and the Complaint should be dismissed with prejudice.

### 3. **Plaintiff Fails to Plead a Claim for Breach of Contract**

17.   Under Texas law, to prevail on a breach of contract claim, a plaintiff must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.,* 335 F.3d 453, 465 (5th Cir. 2003). To sufficiently plead a breach of contract claim, Plaintiff "must plead the date of the contract, the parties to

the contract, and the provisions of the contract allegedly breached." *Sandhar v. Grewal,* No. H-08-2348, 2009 WL 175073, at *4 (S.D. Tex. Jan 23, 2009); *see also Coleman v. Bank of America, NA.,* No. 3-11-CV-0430-G-BD, 2011 WL 2516169, at *1 (N.D. Tex. May 27, 2011), rec. adopted, 2011 WL 2516668 (N.D. Tex. Jun. 22, 2011) (citing *Case Corp. v. Hi-Class Business Sys. of America, Inc.,* 184 S.W.3d 760, 769-70 (Tex. App.—Dallas 2005, pet. denied).

18. Plaintiff wholly fails to plead any facts to support a claim for breach of contract. Indeed, Plaintiff does not plead the existence of a contract at all. Plaintiff does not identify the contract he alleges was breached, the date of the alleged contract, the parties to the alleged contract, or the provisions of the contract he alleges Defendant has breached. Plaintiff does not state a claim for breach of contract and the Complaint should be dismissed with prejudice.

### 4. **Plaintiff Fails to Plead a Claim for Breach of Fiduciary Duties**

19. "'The elements of a breach-of-fiduciary-duty claim [under Texas law] are: (1) a fiduciary relationship existed between the plaintiff and defendant; (2) the defendant breached its fiduciary duty to the plaintiff; and (3) the defendant's breach resulted in injury to the plaintiff or benefit to the defendant.'" *Pierce v. Fondren Orthopedic Grp., LLP*, No. CV H-18-1686, 2018 WL 6200049, at *11 (S.D. Tex. Nov. 28, 2018) (quoting *Neese v. Lyon*, 479 S.W.3d 368, 386 (Tex. App. -- Dallas 2015, no pet.)). Plaintiff again wholly fails to plead any facts to support this claim.

Plaintiff does not allege that Defendant owes any duty to Plaintiff or that Plaintiff has a special or fiduciary relationship with Defendant. Plaintiff alleges only that he requested Elan apply the Principal's balance to the Principal's account. While Plaintiff appears to bring this suit as an agent for the Principal, it also appears that Plaintiff is the alleged Principal. To the extent Plaintiff alleges he or the Principal has an account with Elan, Plaintiff does not plead the type of account or any other facts regarding the account or any duties or obligations of Defendant relating to the account. Plaintiff does not identify any other basis for a relationship with Defendant. Plaintiff also does not allege any action or omission of Defendant which constitutes a breach of any alleged fiduciary duty, nor does Plaintiff allege any damages he suffered as a result of any such alleged breach.

20. Furthermore, to the extent Plaintiff alleges he has an account with Defendant, Defendant does not owe a fiduciary duty to Plaintiff. *Fleming v. Texas Coastal Bank of Pasadena,* 67 S.W.3d 459, 461 (Tex. App.—Houston (14th Dist.) 2002, pet. denied) ("The relationship between a bank and its customer is generally not a fiduciary one."); *Siegfried v. JPMorgan Chase, N.A.*, No. 1:18-CV-1026-LY-ML, 2019 WL 13194134, at *6 (W.D. Tex. Oct. 25, 2019) ("In light of Texas law that states no fiduciary duty exists between banks and their customers except in narrow circumstances, the undersigned finds Plaintiff failed to plead any factual basis on which a fiduciary duty could be based."); *Middaugh v. InterBank*, 528 F.

Supp. 3d 509, 553 (N.D. Tex. 2021). Plaintiff fails to state a claim for breach of fiduciary duty and the Complaint should be dismissed with prejudice.

## IV.
## CONCLUSION

Based on the foregoing, Plaintiff's claims against Defendant fail. Defendant requests that the Court grant this Motion to Dismiss, dismiss the claims against Defendant with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and grant all other and further relief at law or in equity to which Defendant is entitled.

Respectfully submitted,

/s/ Jason L. Sanders

**Jason L. Sanders**
  Southern I.D. No. 597751
  Texas Bar No. 24037428
  jsanders@sanderscollins.com
  (214) 775-0631 Direct
  (214) 499-7709 Cell

**Caroline E. Allen**
  Southern I.D. No. 3708027
  Texas Bar No. 24121320
  callen@sanderscollins.com
  (214) 775-0635 Direct
  (575) 808-3206 Cell

SANDERS COLLINS PLLC
325 N. St. Paul St., Suite 3100
Dallas, Texas  75201
Main Telephone:  (214) 775-0630
Facsimile:  (214) 242-3004
www.sanderscollins.com

**COUNSEL FOR DEFENDANT
ELAN FINANCIAL SERVICES**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon Plaintiff via the Court's CM/ECF system, Certified Mail, Return Receipt Requested, U.S. Mail, and/or e-Mail pursuant to the Federal Rules of Civil Procedure on this 28th day of December, 2023 as follows:

Derail Green
3720 W. Alabama St., #7207
Houston, Texas  77027
Telephone:  (832) 671-1504
Email:  gmderail41@gmail.com

/s/ Jason L. Sanders
Counsel for Defendant